## CIRCUIT COURT OF ARLINGTON COUNTY

Health Systems Agency of
Northern Virginia, Inc.

v.

James B. Kenley, Commissioner,
State Dept. of Health

June 23, 1983

Case No. (Law) 24179

By JUDGE CHARLES H. DUFF

For decision is the Demurrer filed by the State Health Commissioner and a Motion to Dismiss filed by Arlington Hospital, the latter being granted leave to intervene in this cause on June 10, 1983. The issue raised by both pleadings is identical and they will be considered together. The precise question presented from the Defendant's viewpoint is whether the Administrative Process Act and Part 2A of the Rules of the Supreme Court of Virginia govern an appeal from a final decision of the State Health Commissioner. If they do, then it is clear that the Plaintiff has failed to comply with the jurisdictional prerequisites of Rule 2A:2 (notice of appeal filed with the agency secretary) and Rule 2A:4 (petition for appeal).

On the other hand, the Plaintiff or Appellant contends with equal vigor that Section 32.1-102.7 provides a clear and adequate appeals process, that actual notice of the appeal was given within the thirty days and that, accordingly, the Administrative Process Act and Rules Part 2A do not govern this type of an appeal.

I have carefully considered the able briefs presented, as well as the arguments at hearing, and am of the opinion that the more logical interpretation of the pertinent statutes leads to the conclusion that Section 32.1-102.7 does not provide an adequate form or basis for Court review of an Administrative decision and therefore the appropriate Rules of the Supreme Court of Virginia provide the proper manner for perfecting an appeal from a final decision of the State Health Commissioner. (See 9-6.14:16)

Virginia Code 32.1-24 specifically provides that the Administrative Process Act shall govern the procedures for rendering all case decisions unless an exemption is provided from the Act. No such exemption appears in 32.1-102.7 and, in fact, that very section provides that an aggrieved applicant may obtain a review as provided in Section 9-6.14:17 of the Code. That Section is a part of the Administrative Process Act.

Furthermore, paragraph B of 32.1-102.7 mandates that the Department shall transmit to the appropriate Court all of the original papers within five days after "receipt of Notice of Appeal." The only provision for the Department or Agency to receive the Notice of Appeal is found in Rule 2A:2, wherein the appealing party shall file within thirty days "with the agency secretary" a Notice of Appeal. To the extent that Section 32.1-102.7 provides an appeals right, the form and details of executing such right is inadequate and thus pursuant to 9-6.14:16(ii) the Administrative Process Act and Part 2A of the Rules should govern.

Finally, it appears to me to be manifest that the time restrictions provided in the Rules are jurisdictional and if not met such breach is fatal. For these reasons the Demurrer and Motion to Dismiss will both be granted. The deficiency cannot be corrected by an amended pleading and, accordingly, this ruling is with prejudice.